IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIME ACOSTA, | : |
| Petitioner, | : CIVIL ACTION NO. 20-1305 |
| v. | : |
| SUPERINTENDENT SCI FOREST; THE DISTRICT ATTORNEY OF THE COUNTY OF BERKS; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : |
| Respondents. | : |

## **ORDER**

**AND NOW**, this 5th day of May, 2021, after considering the petition under 28 U.S.C. § 2254 for a writ of habeas corpus filed by the *pro se* petitioner, Jaime Acosta (Doc. No. 2), the response in opposition to the petition filed by the respondents (Doc. No. 7), United States Magistrate Judge Lynne A. Sitarski's report and recommendation (Doc. No. 9), and the petitioner's objections to the report and recommendation (Doc. No. 25); accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and **RETURN** it to the court's active docket;

2. The petitioner's objections to the report and recommendation (Doc. No. 25) are **OVERRULED**;[1]

3. The Honorable Lynne A. Sitarski's report and recommendation (Doc. No. 9) is **APPROVED** and **ADOPTED**;

4. The petitioner's petition for a writ of habeas corpus (Doc. No. 2) is **DENIED**;

5. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

6. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] Upon timely and specific objection by a party to a portion of a report and recommendation issued by a magistrate judge, the district court "is obliged to engage in *de novo* review of only those issues raised on objection." *Morgan v. Astrue*, Civ. A. No. 08-2133, 2009 WL 3541001, at *2 (E.D. Pa. Oct. 30, 2009) (citing 28 U.S.C. § 636(b)(1) and *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)). In conducting this review, the court may "accept, reject, or modify, in whole or in part," the report's findings and recommendations. *Id.* (quoting 28 U.S.C. § 636(b)(1)).

In his objections to the report and recommendation ("Report"), the petitioner argues that Judge Sitarski has "misapprehend[ded]" the "full scope" of his ineffective assistance of counsel claim. *See* Pet'r's Obj. to U.S. Magistrate's R. & R. ("Objs.") at 1, Doc. No. 25. The basis of his claim, he argues, is not that he should be entitled to relief on the ground that his plea was not knowing or voluntary, but rather "that pretrial counsel was ineffective where he failed to comport with Strickland standards during the plea colloquy and failed to comport with established state procedures in addressing a challenge to the validity of the plea." *Id.* In this regard, the petitioner argues that ineffective assistance of counsel is rendered where trial counsel "neither informs his client of the possibility of consecutive sentences which would leave the defendant open to a MAXIMUM exposure much greater than that of anything mentioned in the hearing, nor does counsel make any attempt to object to the court's failure to make the defendant aware of such possibilities."

It is unclear exactly what portion of the Report to which the petitioner is objecting. To the extent the petitioner complains that the Report did not address his argument, raised in the PCRA proceedings, that trial counsel was ineffective for failing to explain to him the applicable sentencing guidelines, "the reason is simple." *Louder v. Patrick*, Civ. A. No. 06-617, 2007 WL 1576399, at *1 (W.D. Pa. May 31, 2007). The petitioner did not raise that issue in his habeas petition. Nor did he file a reply brief raising this argument. In the section of his habeas petition entitled "Trial Counsel's Ineffectiveness," the petitioner's claim is premised entirely on trial counsel's "unlawfully inducing Petitioner to enter into a guilty plea based on a deal of three (3) to [s]ix (6) years of incarceration which resulted in a sentence of fifteen (15) to thirty-five (35) years of incarceration." Pet. Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody ("Pet.") at ECF p. 7, Doc. No. 2. Although the petitioner argues that trial counsel's alleged "offer" was "not realistic" and represented "a major deviation from the sentencing guidelines," *id.* at ECF p. 9, as the court explained in *Louder*, "[w]hile judges are experienced in deciphering pro se pleadings, they are not clairvoyant, and if a habeas petitioner wishes to raise claims in his petition, he must be clear in doing so." 2007 WL 1576399, at *1. Given that the petitioner did not raise in this habeas proceeding the argument that his trial counsel failed to explain the sentencing guidelines, "the fact that the Report did not address [this claim] is no error at all. This objection provides him no relief." *Louder*, 2007 WL 1576399, at *1. Moreover, the Report can hardly be faulted for failing to address this argument where the petitioner himself stated in his habeas petition that the argument that trial counsel was ineffective for failing to explain the sentencing guidelines "was frivolous." Pet. at ECF p. 10.

The petitioner also argues that "trial counsel's failure to address the validity of the plea, deprived the defendant of a fair process, opportunity to comply with state procedures, and ability to obtain an adjudication of innocence or guilt in the matter." Objs. at 2. Although it is unclear whether the petitioner is objecting to Judge Sitarski's analysis of his second claim for habeas relief, to the extent it is a new argument made for the first time in the petitioner's objections to the Report, the court need not address it. *See Solid Waste Servs., Inc. v. United States*,

Misc. A. No. 15-264, 2016 WL 687182, at *1 n.1 (refusing to consider new evidence and line of argument made for first time in objection to report and recommendation) (citing Eastern District of Pennsylvania Local Rule 72.1(IV)(c)).

Nevertheless, the court notes that, even if it were to examine this argument as a separate claim for relief, it is unexhausted because it was not presented to the Pennsylvania courts for "one complete round of the established review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In his PCRA petition and on appeal to the Superior Court, the petitioner presented only one claim: that his trial counsel was ineffective for allegedly inducing him into entering an open guilty plea on the promise of a three- to six-year sentence and for failing to explain the applicable sentencing guidelines to him. *See* Def.'s Am. Pet. Under Post Conviction Relief Act ("Am. PCRA Pet."), A185–95, Doc. No. 7-3,. Nowhere in his PCRA petition does the petitioner argue that trial counsel's failure to challenge the validity of his plea constituted ineffective assistance of counsel. Accordingly, the court finds that the petitioner did not "fairly present" this claim to the state courts and it is therefore unexhausted. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The claim is also procedurally defaulted because it is barred by the PCRA's one-year statute of limitations, 42 Pa. C.S. § 9545(b), and the waiver rule, 42 Pa.C.S. § 9544(b).

Apparently recognizing that this claim is procedurally defaulted, the petitioner invokes *Martinez v. Ryan*, 566 U.S. 1 (2012), which recognized a "'narrow exception' to the general rule that attorney errors in collateral proceedings do not establish cause to excuse a procedural default." *Reams v. Superintendent SCI-Retreat*, Civ. A. No. 19-1836, 2020 WL 6586716, at *9 (E.D. Pa. July 31, 2020) (quoting *Martinez*, 566 U.S. at 9). The Third Circuit has stated that "counsel's failure to raise an ineffective assistance claim on collateral review may excuse a procedural default if: '(1) collateral attack counsel's failure itself constituted ineffective assistance of counsel under *Strickland*, and (2) the underlying ineffective assistance claim is 'a substantial one.'" *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 237–38 (3d Cir. 2017) (quoting *Glenn v. Wynder*, 743 F.3d 402, 409–10 (3d Cir. 2014)). To satisfy the second prong of the standard, "the [petitioner] must demonstrate that the claim has some merit." *Id.* at 238 (quoting *Martinez*, 566 U.S. at 14).

Here, the procedural default is not excused under *Martinez* because the petitioner's claim is not a "substantial" one. *Id.* at 237–38. In his objections to the Report, the petitioner argues that trial counsel was ineffective for failing to challenge the validity of his plea because "the validity of a plea is cognizable only on [d]irect appeal." Objs. at 2. However, as the Third Circuit has noted, "[c]hallenges to the validity of a guilty plea are among those that make up 'th[e] traditional scope of habeas corpus." *Velazquez v. Superintendent Fayette SCI*, 937 F.3d 151, 158 (3d Cir. 2019) (quoting *Presier v. Rodriguez*, 411 U.S. 475, 486–87 (1973)). Indeed, the court has found no case standing for the proposition that under Pennsylvania law, challenges to the validity of guilty pleas must be raised on direct appeal. Finally, as noted by Judge Sitarski, the petitioner's appellate counsel did file a post-sentence motion to withdraw his guilty plea on the ground that the petitioner did not enter it knowingly and voluntarily. *See* R. & R. at 18. The Court of Common Pleas, finding that the plea was knowing, intelligent, and voluntary, denied the motion. *Id.* Thus, the court finds here that the petitioner's claim is not a "substantial" one and is therefore procedurally defaulted.

The petitioner asks the court to grant him leave to "replead his petition" and to "re-brief the matter with further supporting arguments and citation to authority." Objs. at 4. He notes that his habeas proceedings have taken place in the midst of the COVID-19 pandemic, and that he has had little access to legal research materials. *Id.* at 3–4. While the court is sympathetic to the challenges posed by COVID-19, the court notes that the petitioner was ultimately able to file a habeas petition. Moreover, his petition, which includes several pages of supplemental information—including a detailed recitation of the procedural history of this matter—is replete with citations to caselaw relevant to his ineffective assistance of counsel claim. *See generally* Pet. Finally, the court notes that even under Rule 15 of the Federal Rules of Civil Procedure, which is the standard governing a petitioner's motion for leave to amend a habeas petition, *see Fletcher v. Beard*, Civ. A. No. 10-3188, 2016 WL 2866431, at *2 (E.D. Pa. May 16, 2016), leave to amend would not be appropriate. While leave to amend under Rule 15 should generally be "freely given when justice so requires" *id.* (quoting *Bivings v. Wakefield*, 316 F. App'x 177, 180 (3d Cir. 2009), it is not warranted in circumstances involving "undue delay," "bad faith," "undue prejudice to the opposition," "repeated failure to correct deficiencies," or "futility." *Id.* (quoting *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995)). The court finds that any amendments to the petition would be futile, as the petitioner's claims relating to ineffective assistance of counsel are meritless and belied by the record. *See Harris v. Folino*, 208 F. Supp. 3d 658, 667 (E.D. Pa. 2016). To the extent the petitioner requests leave to file amended objections to the Report, that request is denied as well. In this regard, the court notes that it has granted the petitioner an extension to file his objections to the Report on four separate occasions. *See* Doc. Nos. 12, 16, 18, 22. The petitioner has therefore been afforded an adequate opportunity to draft his objections to the Report.

Finally, the petitioner asks the court to grant him a certificate of appealability, "as failure to grant the request would essentially eliminate any possibility of further review in any state or federal court." Objs. at 4–5. Apart from

acknowledging the implications of the denial of a certificate of appealability, the petitioner provides no reasons for the court to disturb Judge Sitarski's conclusion that such a certificate should not issue. *See* R. & R. at 22. Under 28 U.S.C. § 2253, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Having considered the petition, the defendants' response in opposition to the petition, the report and recommendation, and the petitioner's objections to the Report, the court concludes that no "jurists of reason" could disagree with Judge Sitarski's resolution of the petitioner's constitutional claims, or that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Peppers v. Folino*, Civ. A. No. 07-CV-3011, 2010 WL 1136189, at *1 n.2 (E.D. Pa. Mar. 23, 2010). Therefore, the petitioner's request for a certificate of appealability is denied.