**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAIME ACOSTA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  20-1305** |
| | : | |
| **SUPERINTENDENT SCI FOREST,** | : | |
| **THE DISTRICT ATTORNEY OF THE** | : | |
| **COUNTY OF BERKS, THE** | : | |
| **ATTORNEY GENERAL OF THE** | : | |
| **STATE OF PENNSYLVANIA** | : | |

## <u>MEMORANDUM</u>

**MURPHY, J.**                                                                            **February 7, 2024**

Over two years after the denial of his petition for writ of habeas corpus, Jaime Acosta has moved for relief under Federal Rule of Civil Procedure 60(b)(6).  We deny his motion for several reasons.

First, Mr. Acosta's primary argument about the ineffectiveness of his trial counsel is the same argument he raised in his habeas petition.  The Supreme Court requires that we treat Rule 60(b) motions like Mr. Acosta's as second or successive habeas petitions.  The only way Mr. Acosta could have filed a second or successive habeas petition is if he had asked the Third Circuit first, and the Third Circuit authorized his request.  Because he did not ask the Third Circuit, we lack jurisdiction.

Second, to the extent Mr. Acosta argues that his trial counsel was ineffective for failing to explain Pennsylvania's sentencing guidelines, his claim fails.  Even if we considered the argument as unrelated to his primary ineffective-assistance-of-counsel argument, it is a second or successive habeas petition, and Mr. Acosta did not ask the Third Circuit to authorize his claim before filing.

Third, Magistrate Judge Sitarski already addressed and dismissed Mr. Acosta's argument

that his post-trial counsel was ineffective on the bases of exhaustion and procedural default. We do not find Mr. Acosta's argument any different — or any more persuasive — this time around. And to the extent that Mr. Acosta argues that Judge Sitarski incorrectly applied the law to his claim, it is time-barred.

Therefore, we deny Mr. Acosta's motion. We also deny him a certificate of appealability because jurists of reason would not debate our decision or the holdings on his underlying habeas petition.

## I.      Background and Procedural History[1]

In 2015, Jaime Acosta was charged with 39 counts of drug possession and trafficking, conspiracy, and illegal firearms possession. DI 9 at 1-2. He entered an open guilty plea to 7 of the 39 counts. *See id.* at 2. The trial court accepted Mr. Acosta's plea — concluding it was "knowing, intelligent, and voluntary." *Id.* The trial court sentenced Mr. Acosta to 15-35 years' incarceration. *Id.* at 3.

After pleading guilty, Mr. Acosta filed post-sentence motions seeking relief. *See id.* He filed the motions with two separate sets of counsel. *See id.* By March 2017, he had withdrawn his appeal of the ruling on his post-sentence motion. *Id.*

Mr. Acosta then sought habeas relief in Pennsylvania state court. *See id.* at 3-4. With assistance from new counsel, Mr. Acosta argued that he had ineffective trial counsel. *See id.* Mr. Acosta asserted that his trial counsel misrepresented the amount of time he would be

---

[1] "The factual background and procedural history of this case are set forth more fully in Magistrate Judge [Sitarski's] [May 29, 2020] Report and Recommendation ("R&R"), which [we] incorporate[] by reference." *Gonzalez v. Smith*, 2023 WL 3767735, at *1 n.1 (E.D. Pa. June 1, 2023).

imprisoned by entering an open guilty plea.  *See id.* at 4.  Mr. Acosta said his trial counsel gave him the "false impression" that he would receive a 3-6 year sentence.  *Id.*

A Pennsylvania Post-Conviction Relief Act (PCRA) court held a hearing on Mr. Acosta's ineffective-assistance-of-counsel argument.  *Id.*  The court concluded that Mr. Acosta failed to demonstrate that he had ineffective assistance of counsel.  *See id.* at 4-5.  Mr. Acosta appealed, but the Superior Court adopted the PCRA court's decision,[2] and the Pennsylvania Supreme Court denied his petition for allowance of appeal.  *Id.* at 5.

Mr. Acosta then filed a habeas petition in federal court under 28 U.S.C. § 2254.  *See* DI 2.  He raised two arguments; Judge Sitarski rejected both in a report and recommendation adopted by Judge Smith.  *See id.*; DI 9; DI 27.  And Judge Smith denied Mr. Acosta a certificate of appealability upon Judge Sitarski's recommendation, concluding that "no 'jurists of reason' could disagree with Judge Sitarski's resolution of [Mr. Acosta's] constitutional claims, or that 'jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  DI 27 at 1 n.1.

Two years after Judge Smith adopted Judge Sitarski's report and recommendation, Mr. Acosta filed the at-issue motion.  *See generally* DI 29.  His motion cites Federal Rule of Civil Procedure 60(b)(6) as the basis for relief.  *See id.* at 2, 5-6.  He makes a few arguments in favor of reopening his case and obtaining equitable relief.

First, Mr. Acosta argues that his trial counsel gave him an "impossible expectation for the outcome of his" open guilty plea.  *Id.* at 7; *see id.* at 14.  Second, he maintains that his trial counsel never advised him of the impact that the Pennsylvania sentencing guidelines would have

---

[2] *See Commonwealth v. Acosta*, 2018 WL 4268861, at *2 (Pa. Super. Ct. Sept. 7, 2018).

on his potential sentence prior to his open guilty plea. *See id.* at 9-12, 14. Third, Mr. Acosta

mentions that he had "constitutionally ineffective" post-trial counsel that violated his due process

rights. *Id.* at 1.

The Berks County District Attorney's Office ("DA's Office") responded with numerous

arguments supporting dismissal. *See* DI 30. To summarize, the DA's Office argues that Mr.

Acosta's motion is not a true Rule 60(b) motion. *See id.* ¶¶ 28-29, 32. Instead, the DA's Office

argues that Mr. Acosta filed a second or successive habeas petition, which means that he should

have first sought authorization from the Third Circuit. *See id.* ¶ 28. Because he did not,

according to the DA's Office, his motion fails.

The DA's Office points out a few other issues with Mr. Acosta's motion. It argues that

Mr. Acosta's arguments sound more like a Rule 60(b)(1) motion despite his references to Rule

60(b)(6), and if we construe his motion under Rule 60(b)(1), it is time-barred. *See id.* ¶¶ 24-25.

The DA's Office also argues that, to the extent that Mr. Acosta relies on *Martinez v. Ryan*[3] to

argue his post-trial counsel was ineffective, the argument fails because he cannot demonstrate

that his attack on post-trial counsel has merit. *See id.* ¶¶ 29-31.

For the reasons explained below, we deny Mr. Acosta's motion.

## II.   <u>Analysis</u>[4]

We must decide whether Mr. Acosta's motion citing Federal Rule of Civil Procedure

---

[3] 566 U.S. 1 (2012).

[4] We construe Mr. Acosta's motion liberally. *See Workman v. Superintendent Albion SCI*, 915 F.3d 928, 941 (3d Cir. 2019) (quoting *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010)) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.").

60(b)(6)[5] is really a second or successive habeas petition.  To decide, we rely on the Supreme

Court's ruling in *Gonzales v. Crosby*.  545 U.S. 524 (2005).

In *Gonzales*, the Supreme Court "held that a Rule 60(b) motion in the § 2254 context

should be construed as a new habeas petition when it 'seeks vindication' of a 'claim,' *i.e.*, when

the Rule 60(b) motion advances 'an asserted federal basis for relief from a state court's judgment

of conviction.'"  *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 441 (3d Cir. 2021)

(quoting *Gonzales*, 545 U.S. at 530-31).  This avoids "inconsistencies with the gatekeeping

mechanism of" Congress's habeas laws, "which, as relevant here, impose[] *limitations* on a

§ 2254 petitioner's ability to bring a 'second or successive' habeas petitions."  *Id.* (emphasis

added) (quoting *Gonzales*, 545 U.S. at 529-31).  But if "neither the [Rule 60(b)] motion itself nor

the federal judgment from which it seeks relief substantively addresses federal grounds for

setting aside the movant's state conviction, allowing the motion to proceed as denominated

creates no inconsistency with the habeas statute or rules."  *Gonzales*, 545 U.S. at 532.

There are three limitations that Congress imposes when bringing a second or successive

petition.  *See* 28 U.S.C. 2244(b).

- **First**, if a habeas petitioner presents the same claim for relief as their prior application, it gets dismissed.  *See id.* § 2244(b)(1).

- **Second**, if a habeas petitioner presents a claim not included in a prior application, it gets dismissed unless one of two exceptions apply.  *See id.* § 2244(b)(2).

  - *Exception one* is that the new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Id.* § 2244(b)(2)(A).

---

[5] "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief."

5

- ○ *Exception two* is that the "factual predicate for the" new claim "could not have been discovered previously through the exercise of due diligence," and the facts, if proven, would demonstrate actual innocence by "clear and convincing evidence." *Id.* § 2244(b)(2)(B)(i)-(ii).

- **Third**, a habeas petitioner must move "in the appropriate court of appeals" to be allowed to bring a second or successive habeas petition before a district court. *Id.* § 2244(b)(3)(A).

This explains the Supreme Court's concern about using Rule 60(b) to "circumvent[]" the requirements for filing second or successive habeas petitions. *Gonzales*, 545 U.S. at 531; *see Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 282 (3d Cir. 2021) ("the Court [in *Gonzales*] distinguished between a 'true Rule 60(b) motion' and a successive habeas petition masquerading as a Rule 60(b) motion").

Here, the bulk of Mr. Acosta's Rule 60(b) argument is the same as the argument he made in his habeas petition. *Compare* DI 29 at 7 (60(b) motion arguing "guilty plea counsel was ineffective when he gave [him] an impossible expectation for the outcome of his open plea"), *and id.* at 11 ("[A]ttorney Cameron's recommendation [for a sentence] was extremely unlikely to have occurred," and his recommendation "vastly misrepresented the legal possible outcome of the sentencing."), *with* DI 2 at 7 (ECF) (habeas petition arguing trial counsel gave "bad advice unlawfully inducing [him] to enter a guilty plea based on a deal of three (3) to [s]ix (6) years of incarceration"), *and id.* at 9 (arguing trial counsel was ineffective under *Strickland* because of the "bad advice" he received regarding possible sentence). In fact, part of Mr. Acosta's 60(b) motion recites the standard for reviewing a habeas petition and argues that his trial counsel's "representation fell below an objective standard of reasonableness." DI 29 at 18 (quoting

6

*Strickland v. Washington*, 466 U.S. 668, 688 (1984)).[6]  Therefore, under *Gonzales*, Mr. Acosta

would have had to obtain authorization from the Third Circuit to file a second or successive

habeas petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  He did not, thus, we "lack[] jurisdiction to

consider" his claim.  *Lesko v. Sec'y Pa. Dep't of Corr.*, 34 F.4th 211, 222 (3d Cir. 2022).[7]

    We also lack jurisdiction to adjudicate Mr. Acosta's next argument — that his trial

---

[6] *See also* DI 29 at 19 (challenging the Pennsylvania Superior Court's "fail[ure] to apply *Strickland*'s prejudice standard when it evaluated [his] claim"); *id.* (arguing the superior court's ruling "was 'contrary to' *Strickland*"); *id.* ("the Superior [Court's] last reasoned decision did not properly review [his] claims *Strickland*").

    Further, if Mr. Acosta is arguing that Judge Smith did not review the claims raised in his habeas petition *de novo*, *see* DI 29 at 19 ("[T]his Court's May 5, 2021 order . . . applied the wrong standard when reviewing [his] claim."), his argument is directly contradicted by Judge Smith's order, *see* DI 27 at 1 n.1.

[7] Even if we did not consider Mr. Acosta's Rule 60(b) motion as a second or successive habeas petition, it fails for other reasons.

    First, Mr. Acosta cites to Rule 60(b)(6) throughout his motion, but to the extent that Mr. Acosta's argues that the district court "misapplied" the law when reviewing his ineffective assistance of counsel claim, *see* DI 29 at 2, the claim is properly characterized as a Rule 60(b)(1) motion and thus time-barred.  *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time — *and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order* or the date of the proceeding." (emphasis added)); Fed. R. Civ. P. 60(b)(1) ("On motion . . . the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect.").  Mr. Acosta filed his Rule 60(b) motion over two years after Judge Smith adopted Judge Sitarski's report and recommendation, overturned Mr. Acosta's objections, and denied him a certificate of appealability.  Therefore, his motion would be untimely if reviewed under Rule 60(b)(1).

    Second, to the extent that we treated Mr. Acosta's motion as a true Rule 60(b)(6) motion, he fails to demonstrate that "extraordinary circumstances" exist such that he will suffer "extreme and unexpected hardship" without relief.  *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993); *see also Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015) (quoting *Gonzales*, 545 U.S. at 535) ("The Supreme Court has said that '[s]uch circumstances will rarely occur in the habeas context . . . .'" (alteration in original)).

    And third, if we treat Mr. Acosta's motion as a true Rule 60(b)(6) motion, it is untimely without "extraordinary and compelling circumstances . . . justify[ing] the delay." *Williams v. Larkins*, 2023 WL 4552892, at *5 (E.D. Pa. July 14, 2023); *see also Jimenez v. Coleman*, 2023 WL 7544994, at *1 (E.D. Pa. Nov. 13, 2023) (cleaned up) ("Courts have generally deemed motions filed more than a year after the denial of relief as untimely, absent extraordinary circumstances that excuse the party's failure to proceed sooner.").

counsel failed to properly explain Pennsylvania's sentencing guidelines to him.  Mr. Acosta's

argument encounters the same issues as his primary ineffective-assistance-of-counsel argument:

he did not file a motion with the Third Circuit requesting authorization for a second or successive

habeas petition.  *See* 28 U.S.C. § 2244(b)(3).  To the extent that Mr. Acosta is attempting to raise

new grounds for habeas relief that were "not presented" in his first habeas petition,[8] the Third

Circuit would have had to certify that either of the two exceptions to § 2244(b)(2) apply.  *See id.*

§ 2244(b)(2)(A), (B)(i)-(ii); *Lesko*, 34 F.4th at 222 n.4 (stating the Third Circuit "must certify

that the petition relies on either" of the statutory exceptions).

   Finally, Mr. Acosta's argument regarding his post-trial counsel's "failure to properly

raise and litigate the claims . . . herein" is without merit.  DI 29 at 1.  Judge Sitarski analyzed Mr.

Acosta's contention in her report and recommendations — as the DA's Office explains.  *See* DI

30 ¶ 20; DI 9 at 16-20.  Judge Sitarski concluded that Mr. Acosta's claim is unexhausted and

---

[8] Even assuming that Mr. Acosta's argument regarding the sentencing guidelines is separate from his main ineffective-assistance-of-counsel argument, it is still unlikely that Mr. Acosta is actually raising a "new" ground for relief.  The sentencing guidelines argument overlaps with Mr. Acosta's general assistance-of-counsel argument.  In fact, Mr. Acosta's original petition before the PCRA Court alleged that he "was not notified on the record of the sentencing guidelines until after the [trial court] had accepted his guilty plea."  DI 7-3 at A000191 (Mr. Acosta's PCRA petition).  And the PCRA court — affirmed by the superior court — addressed his sentencing guidelines argument head-on.  *See* DI 7-4 at A000301-03 (PCRA court's opinion).

Moreover, Judge Smith recognized in his adoption of Judge Sitarski's report and recommendation that Mr. Acosta did not raise his sentencing guidelines argument in his federal court habeas petition.  *See* DI 27 at 1 n.1 ("Given that [Mr. Acosta] did not raise in this habeas proceeding the argument that his trial counsel failed to explain the sentencing guidelines, 'the fact that the Report did not address [this claim] is no error at all.  This objection provides him no relief.'" (second alteration in original) (quoting *Louder v. Patrick*, 2008 WL 1576399, at *1 (W.D. Pa. May 31, 2007))).

Therefore, if Mr. Acosta is again trying to argue that Judge Sitarski's report and recommendation did not adequately address his sentencing guidelines argument, the argument is inapposite.

procedurally defaulted under Pennsylvania law.  *See* DI 9 at 16-17.  Nothing in Mr. Acosta's

current motion gives us reason to think that the argument regarding his post-trial counsel now

has some merit, which is required to avoid procedural default.  *See Martinez*, 566 U.S. at 14 ("To

overcome the default, a prisoner must also demonstrate that the underlying ineffective-

assistance-of-counsel claim is a substantial one, which is to say that the prisoner must

demonstrate that the claim has some merit.").[9]

## III.   <u>Conclusion</u>

For the reasons explained above, we deny Mr. Acosta's motion for relief and will not

grant him a certificate of appealability.[10]

---

[9] And if Mr. Acosta is trying to argue that Judge Sitarski or Judge Smith misapplied
*Martinez* in ruling that his claim is procedurally defaulted, *see* DI 29 at 1-2 ("this Court abused
its discretion . . . since the Court improperly review[ed] and misapplied Petitioner's habeas under
*Martinez* [sic]"), we would construe his motion under Federal Rule of Civil Procedure
60(b)(1) — rendering it time-barred.  *See* Fed. R. Civ. P. 60(c)(1).

[10] The Third Circuit has said a certificate of appealability "is required when a petitioner
appeals the denial of a Rule 60(b) motion seeking reconsideration of a dismissal of a habeas
petition, even if that dismissal was on procedural grounds."  *Bracey*, 986 F.3d at 282.  Deciding
whether to issue a certificate of appealability under 28 U.S.C. § 2253 is a two-step process: we
ask (1) whether the "underlying claim" brought by the petitioner is "'debatable' on the merits,"
and (2) "whether 'jurists of reason would find it debatable whether the district court was correct
in its procedural ruling.'"  *Id.* at 283 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
    Mr. Acosta has not "show[n] that jurists of reason would debate both [our] denial of his
Rule 60(b) motion and the merits of his underlying habeas claim."  *Zabala-Zorilla v.
Superintendent Phoenix SCI*, 2023 WL 7128468, at *1 (3d Cir. Aug. 16, 2023).